# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT LEWIS,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C21-2041-LTS<br>(Crim. No. CR17-2084-LTS)<br><br>**INITIAL REVIEW ORDER** |

## I.   INTRODUCTION

This matter is before me on Robert Lewis's pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that he is entitled to relief based on four claims. Lewis also filed a motion (Doc. 2) to proceed in forma pauperis.

On November 15, 2017, Lewis was indicted on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851. Crim. Doc. 7. A jury found Lewis guilty on August 22, 2018. Crim. Docs. 217, 218. Lewis moved for a new trial based on newly discovered evidence in the form of an affidavit from an inmate regarding government witnesses. Crim. Doc. 292. After holding an evidentiary hearing, I denied the motion. Crim. Doc. 338. On July 9, 2019, I sentenced Lewis to 360 months' imprisonment and five years of supervised release. Crim. Doc. 347. The Eighth Circuit affirmed the judgment on September 30, 2020. *United States v. Lewis,* 976 F.3d 787 (8th Cir. 2020). Lewis did not seek a writ of certiorari. On July 16, 2021, Lewis signed the present motion and mailed it to the Clerk of Court.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Lewis filed a motion to proceed in forma pauperis. Doc. 2. The motion is denied as moot because there is no filing fee for a motion pursuant to 28 U.S.C. § 2255.

## III. INITIAL REVIEW STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 432 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g., Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment

to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions; *see also United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second or successive habeas motion. *Id.*

## IV. INITIAL REVIEW ANALYSIS

This is Lewis' first § 2255 motion. As noted above, the Eighth Circuit affirmed Lewis' conviction and sentence on September 30, 2020. Lewis did not seek a writ of certiorari. The one-year limitation period thus began to run on February 27, 2021 (150 days after affirmance).[1] Lewis signed and mailed the § 2255 motion on July 16, 2021. Thus, the § 2255 motion is timely.

Lewis raises four claims. First, he alleges he received ineffective assistance of counsel (Claim 1) because counsel did not properly assist him during the plea process and did not advance a proper theory. Second, he alleges a due process violation based on the indictment's failure to provide notice of a specific timeline (Claim 2). Third, he alleges that his sentence was excessive compared to the sentences imposed on his co-defendants (Claim 3). Fourth, he alleges "[t]he prosecution's theory of guilt shifted

---

[1] A petition for a writ of certiorari typically must be filed within 90 days after entry of the judgment. U.S. Sup. Ct. R. 13.1. On March 19, 2020, in response to the COVID-19 pandemic, the Supreme Court issued an order extending the deadline to file any petition for a writ of certiorari to 150 days from the date of the lower court judgment. The Supreme Court rescinded that order on July 19, 2021, but "in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order." Therefore, Lewis had 150 days to file a writ of certiorari after September 30, 2020, when the Eighth Circuit affirmed.

4

multiple times and did not meet the demands of fair procedure and constituted miscarriage of justice" (Claim 4).

### A.  *Claim 1: Ineffective Assistance of Counsel*

Lewis asserts that he received ineffective assistance of counsel because counsel "did not properly convey the gravity of the government[']s case against me to assist me in making a knowing plea. Counsel failed to argue a theory that accounted for all of the facts presented." Doc. 1 at 3. Because ineffective assistance of counsel claims are properly raised for the first time in collateral proceedings under 28 U.S.C. § 2255, Lewis is correct to present them in his motion. *See United States v. Sanchez-Garcia*, 685 F.3d 745, 755 (8th Cir. 2012). At this early stage, I find that his claim of ineffective assistance is not patently frivolous and will proceed past initial review.

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds to the movant's specific allegations of ineffective assistance of counsel. Such affidavit must contain all of the

5

information that counsel reasonably believes is necessary to respond to the movant's specific allegations. In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegations.

The Clerk's office is directed to provide a copy of this order to Lewis' former counsel.[2] After counsel complies with these directives, the Clerk's office is directed to serve both parties a copy of the documents that counsel files. If Lewis objects to former counsel responding as ordered herein, he is directed to notify the court of the objection and the basis for the objection. Upon receipt of an objection by Lewis, I will notify the parties and counsel that they need not take further action until they are directed to do so.

### B.     *Claims 2, 3 and 4: Due Process, Sentencing and Procedural Error*

Lewis alleges a due process violation based on the indictment's failure to provide notice of a specific timeline, claims his sentence was excessive compared to his co-defendants' sentences, and argues that the prosecution's theory of guilt unfairly shifted and was procedurally unfair. Lewis procedurally defaulted these three claims by failing to pursue them during his original criminal case or on direct appeal.[3] Claims are

---

[2] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduct. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

[3] On appeal, Lewis argued that insufficient evidence supported his conviction and this court erred by: denying his motion for a new trial based on newly discovered evidence, calculating the drug amount attributable to Lewis, applying a three-level manager or supervisor role enhancement, and applying a two-level enhancement of obstructing justice. *Lewis,* 976 F.3d at 792-99. Lewis also argued that the district court should have rejected the guideline range for methamphetamine because of a "policy disagreement." *Id.* at 799-800.

6

procedurally defaulted if they could have been brought at an earlier stage of litigation and were not. Specifically, § 2255 relief "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States,* 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)).

Lewis does not address the procedural default of these claims in his motion. He does not establish cause nor does he assert that he is relieved from his default because he is actually innocent. Because Lewis procedurally defaulted on Claims 2, 3 and 4, these claims must be denied.

## V. CONCLUSION

For the reasons set forth herein:

1. Claims 2, 3 and 4 are **denied** for the reasons set out above.
2. The Government and Lewis' former counsel must respond to the ineffective assistance claim (Claim 1).
3. The Clerk's office shall provide a copy of this order to Lewis' prior counsel. Prior counsel is directed to file an affidavit within **30 days** of this order, responding to the ineffective assistance of counsel allegations set out in the § 2255 motion (Doc. 1). If Lewis objects to former counsel responding as ordered herein, he is directed to notify the court of the objection and the basis for the objection within **21 days** of this order.
4. The Government shall file a response within **60 days** of this order.
5. Lewis may file a responsive pleading within **30 days** of the Government's response.

7

6. Lewis' motion to proceed in forma pauperis (Doc. 2) is **denied** as moot.

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2022.

_____
Leonard T. Strand, Chief Judge

8

Case 6:21-cv-02041-LTS-MAR    Document 3    Filed 07/25/22    Page 8 of 8